UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

CONNIE LYNN TRUMBLE,

        Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

        Defendant.

CASE NO. 2:15-cv-0929 JRC

ORDER ON PLAINTIFF'S COMPLAINT

     This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 9). This matter has been fully briefed (*see* Dkt. 15, 16).

     After considering and reviewing the record, the Court concludes that the ALJ erred in failing to provide a specific and legitimate reason supported by substantial evidence for discounting the opinion of Dr. Anselm Parlatore, M.D. Because the residual

functional capacity ("RFC") may have included additional limitations, and because these additional limitations may have affected the ultimate disability determination, the error is not harmless.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration.

## BACKGROUND

Plaintiff, CONNIE LYNN TRUMBLE, was born in 1966 and was 44 years old on the amended alleged date of disability onset of October 1, 2010 (*see* AR. 32, 166-73). Plaintiff graduated from high school and has taken some college classes (AR. 35). Plaintiff has work experience in home health care, childcare, karaoke hosting, and newspaper delivery (AR. 193-204). Plaintiff last worked part-time in a department store over a holiday season, and the job ended after the holiday (AR. 36).

According to the ALJ, plaintiff has at least the severe impairments of "lumbar degenerative disc disease with facet disease causing mild to marked stenosis and with annular tears; mild tendinitis of the right hand; sleep apnea with restless leg syndrome; non-ischemic cardiomyopathy and pulmonary nodules; anxiety disorder (anxiety and/or panic and or posttraumatic stress disorder (PTSD)); and dysthymic disorder (20 CFR 416.920(c))" (AR. 12).

At the time of the hearing, plaintiff was living in an RV parked in a friend's yard (AR. 35).

PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 61-71, 72-81, 84-96). Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on January 7, 2014 (*see* AR. 30-59). On February 26, 2014, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 7-29).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ erred by failing to acknowledge and consider plaintiff's motion to reopen the prior application dated October 1, 2010; (2) Whether or not the ALJ erred in finding that plaintiff's symptom allegations regarding her right wrist were not credible; (3) Whether or not the ALJ erred in evaluating the medical evidence; (4) Whether or not the ALJ erred in determining plaintiff's RFC; and (5) Whether or not the ALJ erred in determining the plaintiff was capable of performing other work as a marker, small products assembler and inspector and hand packager (*see* Dkt. 15, pp. 1-2). Because this Court reverses and remands the case based on issues 3, 4, and 5, the Court need not further review other issues and expects the ALJ to reevaluate the record as a whole in light of the direction provided below.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

**(1)     Whether or not the ALJ properly evaluated the medical evidence.**

Plaintiff contends that the ALJ erred by failing to provide specific and legitimate reasons supported by substantial evidence for discounting the opinion of Dr. Anselm Parlatore, M.D. (*see* Opening Brief, Dkt. 15, pp. 9-11). On December 14, 2010, Dr. Parlatore completed a psychological/psychiatric evaluation of plaintiff for the Washington Department of Social and Health Services ("DSHS") (*see* AR. 387-90). In that evaluation, Dr. Parlatore diagnosed plaintiff with PTSD, panic disorder with agoraphobia, and dysthymia (*see* AR. 388). Dr. Parlatore opined that plaintiff had marked limitations in her ability to be aware of normal hazards and take appropriate precautions, communicate and perform effectively in a work setting with even limited public contact, and maintain appropriate behavior in a work setting (*see* AR. 389). On March 28, 2011, Dr. Parlatore completed another psychiatric evaluation for the Social Security Administration (*see* AR. 474-77). For that evaluation, Dr. Parlatore performed a Mental Status Examination ("MSE") and again diagnosed plaintiff with PTSD, panic disorder with agoraphobic features, and dysthymia, stating that plaintiff had classic PTSD symptoms that were chronic and severe (*see* AR. 476-77).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician or psychologist.

*Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). But when a treating or examining physician's opinion is contradicted, that opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester, supra*, 81 F.3d at 830-31 (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (*citing Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." *Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1) ("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). A non-examining physician's or psychologist's opinion may not constitute substantial evidence by itself sufficient to justify the rejection of an opinion by an examining physician or psychologist. *Lester, supra*, 81 F.3d at 831 (citations omitted). However, "it may constitute substantial evidence when it is consistent with other independent evidence in the record." *Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir. 2001) (*citing Magallanes, supra*, 881 F.2d at 752).

Here, the ALJ gave Dr. Parlatore's opinion no weight, stating that his December 2010 opinion provided no basis for its conclusions, as it contained no objective findings

ORDER ON PLAINTIFF'S COMPLAINT - 5

or MSE, and that it appeared to be based on plaintiff's statements (*see* AR. 21). The ALJ then rejected the March 2011 opinion because it did not provide a function-by-function assessment of plaintiff's abilities and because the opinion was inconsistent with plaintiff's normal MSE results and her reported daily activities (*see id*.). None of these reasons is specific, legitimate, and supported by substantial evidence.

When an ALJ seeks to discredit a medical opinion, she must explain why her own interpretations, rather than those of the doctors, are correct. *Reddick, supra*, 157 F.3d at 725 (*citing Embrey, supra*, 849 F.2d at 421-22); *see also Blankenship v. Bowen*, 874 F.2d 1116, 1121 (6th Cir. 1989) ("When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professional trained in the field of psychopathology. The report of a psychiatrist should not be rejected simply because of the relative imprecision of the psychiatric methodology or the absence of substantial documentation") (*quoting Poulin v. Bowen*, 817 F.2d 865, 873-74 (D.C. Cir. 1987) (*quoting Lebus v. Harris*, 526 F.Supp. 56, 60 (N.D. Cal. 1981))); *Schmidt v. Sullivan*, 914 F.2d 117, 118 (7th Cir. 1990) ("judges, including administrative law judges of the Social Security Administration, must be careful not to succumb to the temptation to play doctor. The medical expertise of the Social Security Administration is reflected in regulations; it is not the birthright of the lawyers who apply them. Common sense can mislead; lay intuitions about medical phenomena are often wrong") (internal citations omitted).

According to the Ninth Circuit, "[an] ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant's self-reports that have been

properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (*quoting Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (*citing Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). This situation is distinguishable from one in which the doctor provides his own observations in support of his assessments and opinions. *See Ryan v.Comm'r of Soc. Sec. Admin.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008) ("an ALJ does not provide clear and convincing reasons for rejecting an examining physician's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports his ultimate opinion with his own observations"); *see also Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Therefore, "when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (*citing Ryan, supra*, 528 F.3d at 1199-1200).

Here, Dr. Parlatore performed a clinical interview and noted plaintiff's personal history and psychiatric history in his report (*see* AR. 387). Dr. Parlatore personally observed no cognitive impairments but observed several mental health symptoms that affected plaintiff's ability to work, including anxiety and depression (*see* AR. 388). For a mental health professional, these observations are the objective findings that the ALJ claimed Dr. Parlatore's report was lacking. *See* Paula T. Trzepacz and Robert W. Baker, The Psychiatric Mental Status Examination 4 (Oxford University Press 1993) (A mental health professional is trained to observe patients for signs not rendered obvious by the patient's subjective reports because the patient's self-reported history is "biased by their

understanding, experiences, intellect and personality.") The ALJ provided no explanation of why her interpretation of this information is correct, simply dismissing it because it "appear[ed] that Dr. Parlatore relied on the claimant's statements" (*see* AR. 21). However, if it appeared that Dr. Parlatore relied on plaintiff's statements from their clinical interview, there is no substantial evidence that he did so more heavily in forming his ultimate opinion than on his own observations from that interview as a trained mental health professional.

Furthermore, if the ALJ found the first evaluation worth discrediting because the interview and observations within were not termed by Dr. Parlatore as an MSE, Dr. Parlatore's evaluation three months later contained the report of an MSE entirely consistent with his earlier observations of no cognitive impairments but depressed mood and affect (*see* AR. 476-77). The ALJ found plaintiff's "normal" MSE results to be inconsistent with Dr. Parlatore's evaluation of plaintiff's abilities (*see* AR. 21). However, the "normal" results from the MSE were on tests of cognitive impairments, not social impairments (*see* AR. 477). The MSE results were entirely consistent with Dr. Parlatore's opinion from both evaluations that plaintiff had no cognitive impairments but had several social impairments (*see* AR. 388-89, 476-77).

The ALJ also discredited the March 2011 opinion because it contained no specific function-by-function assessment of plaintiff's abilities (*see* AR. 21). However, there is no substantial evidence to support the inference that Dr. Parlatore's opinion about plaintiff's functional capacities from the first evaluation changed in any way after the completion of the second evaluation. The diagnoses were identical, the Global Assessment of

Functioning ("GAF") scores both fell in the range of serious symptoms or impairment, and the observations were consistent (*see, generally,* AR. 387-90, 474-77). Ultimately, to divide Dr. Parlatore's consistent opinion into halves (completed three months apart) and then discredit each half for lacking something that the other half contains is not logically sound.

      Lastly, the ALJ's finding that Dr. Parlatore's opinions were inconsistent with plaintiff's demonstrated abilities is not supported by substantial evidence. Though not specifically stated in the evaluation of Dr. Parlatore's opinion, the activities that the ALJ found inconsistent are presumably the social activities noted elsewhere in the opinion – attending church and Bible study, attending dance classes, and visiting with family and friends (*see* AR. 20). However, these activities are cited in Dr. Parlatore's evaluation (*see* AR. 476). Dr. Parlatore was fully aware of these activities yet still found plaintiff's PTSD symptoms to be "chronic and severe" (*see* AR. 477). It can be inferred that Dr. Parlatore understood there to be a difference between the social demands of full-time work and the comfortable social activities in which plaintiff felt she could participate. *See Reddick, supra,* 157 F.3d at 722 ("[D]isability claimants should not be penalized for attempting to lead normal lives in the face of their limitations."). By finding an inconsistency that Dr. Parlatore did not find despite having the exact same information, the ALJ improperly substituted her own opinion for that of a physician. *See McBrayer v. Secretary of Health and Human Services*, 712 F.2d 795, 799 (2d Cir. 1983) (ALJ cannot arbitrarily substitute own judgment for competent medical opinion).

|   |   |
|---|---|
| 1 | The Ninth Circuit has "recognized that harmless error principles apply in the |
| 2 | Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) |
| 3 | (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th |
| 4 | Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the |
| 5 | record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court |
| 6 | also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error |
| 7 | is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* |
| 8 | (*quoting Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) |
| 9 | (other citations omitted). Here, because the ALJ improperly rejected the opinion of Dr. |
| 10 | Parlatore in forming the RFC and plaintiff was found to be capable of performing work |
| 11 | based on that RFC, the error affected the ultimate disability determination and is not |
| 12 | harmless. |
| 13 |   |
| 14 | The Court may remand this case "either for additional evidence and findings or to |
| 15 | award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when |
| 16 | the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is |
| 17 | to remand to the agency for additional investigation or explanation." *Benecke v.* |
| 18 | *Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual |
| 19 | case in which it is clear from the record that the claimant is unable to perform gainful |
| 20 | employment in the national economy," and that "remand for an immediate award of |
| 21 | benefits is appropriate." *Id.* Here, the outstanding issue is whether or not a vocational |
| 22 | expert may still find an ability to perform other jobs existing in significant numbers in the |

1  national economy despite additional limitations. Accordingly, remand for further

2  consideration is warranted in this matter.

3  CONCLUSION

4
5  Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. §

6
   405(g) to the Acting Commissioner for further consideration consistent with this order.

7
   **JUDGMENT** should be for plaintiff and the case should be closed.

8
   Dated this 12th day of November, 2015.

9

10
            _____
11          J. Richard Creatura
            United States Magistrate Judge
12

13

14

15

16

17

18

19

20

21

22

23

24